■ In the Matter of INCORPORATED VILLAGE OF HEWLETT BAY PARK, Appellant, Relative to Acquiring Title to Real Property for Storage Purposes. JOSEPH KLEIN et al., Respondents.— Final order of the Supreme Court, Nassau County, dated January 26, 1966, reversed, on the law and the facts, with costs, petition for condemnation granted and proceeding remitted to the Special Term for further proceedings consistent herewith. The findings of fact contained or implicit in the opinion below which are inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the record does not support the trial court's opinion that there has been "a perversion of the condemnation process" in this case. It is undisputed that, as declared by the Board of Trustees of the appellant village, the purpose for which the property is to be used is a public purpose, i.e., storage of the village's work vehicles, supplies, etc. Assuming *arguendo* that, in the absence of the taking of the property by the village for such use, legal use of the property as an automobile parking lot could have been achieved — a use generally opposed by the village residents — the fact remains that there is no proof in the record that the village will not in fact use the property for the stated storage purpose. Thus, there was no proof of "bad faith" on the part of the condemnor, either as to whether the proposed use is a public one or as to whether there would be adherence to such use after the taking of the property. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur. [48 Misc 2d 833.]